UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

JUANDISHA SAPP,                                                24-cv-645 (PKC)

                     Plaintiff,

v.                                                             ORDER

CITY OF NEW YORK, et al.,

                     Defendants.
-----------------------------------------------------------

CASTEL, United States District Judge.

        This section 1983 action was commenced by Juandisha Sapp on January 29, 2024. Difficulties in securing her testimony came to the Court's attention on February 18, 2025, when defendants' counsel wrote to the Court to complain of the inability to schedule Ms. Sapp's deposition. Counsel wrote as follows:

> On January 9, 2025, Plaintiff's counsel confirmed Plaintiff's deposition for February 4, 2025. On January 27, 2025, Plaintiff's counsel advised Defendants that she would again confirm Plaintiff's availability by January 31, 2025. Plaintiff's counsel was unable to contact her client to confirm her availability, so the parties agreed to wait until Monday, February 3, 2025 to confirm Plaintiff's deposition for the next day.
>
> On Monday, February, 3, 2025, Plaintiff's counsel advised Defendants that she had not been able to contact her client and therefore, she could not confirm Plaintiff's availability for the deposition on February 4, 2025. The deposition was cancelled and Defendants rescheduled Plaintiff's deposition for February 10, 2025. On February 7, 2025, Plaintiff's counsel again advised Defendants that she was unable to contact Plaintiff to confirm her attendance at the rescheduled deposition. . . . Defendants therefore respectfully request that the Court compel plaintiff to appear for a deposition within 30 days.

(ECF 44; footnotes omitted.) Plaintiff's counsel responded that Ms. Sapp had been placed into temporary housing, lost her job, had her phone disconnected and had health issues "rendering her

largely unreachable." (ECF 45.) "Over the past 18 days, undersigned counsel has exhausted all reasonable efforts to contact Plaintiff, including outreach to her designated emergency contacts via text, email, and telephone, as well as coordination with her family court attorneys, who had similarly been unable to locate her." (Id.) Plaintiff's counsel reported that she had since been in touch with Ms. Sapp and that "[d]ue to evident health impairments, communication was limited . . . ." (Id.)

In recognition of Ms. Sapp's problems, the Court on February 27, 2025, entered an Order as follows:

> Balancing the competing interests of accommodating plaintiff's unspecified health impairments and allowing defendants the opportunity to defend the claims, the Court ORDERS as follows:
> 1. Fact and expert discovery in this action are extended to June 6, 2025.
> 2. Plaintiff Juandisha Sapp shall be produced for her deposition by May 2, 2025. Failure to appear for a deposition by May 2, 2025, will result in the sanction of dismissal of the action for failure to prosecute and failure to comply with this Order.
> 3. All other relief sought by either side, including an indefinite stay of discovery, is denied.

(ECF 46.) Thus, Ms. Sapp was given an extended period of time to appear for her deposition.

On May 1, 2025, plaintiff's counsel wrote to the Court expressing her "deep concern regarding Ms. Sapp's continued unavailability . . . ." (ECF 51.) She reported that she has "not had confirmed or sustained contact with Ms. Sapp since February" and that "I have been unable to confirm her present location or condition." (Id.) Ms. Sapp's attorney argued that "[d]ismissal of this action due to Ms. Sapp's absence—where that absence may result from mental incapacity induced by the very conduct at issue—raises profound due process." (Id.)

2

The Court did not dismiss the action. Instead, it further extended the time for Ms. Sapp to appear for a deposition to June 20, 2025. (ECF 52.) The Court declined counsel's suggestion of the appointment of a guardian ad litem because Ms. Sapp was already represented by counsel in the action. (Id.)

On June 20, 2025, Ms. Sapp's counsel moved to withdraw as counsel citing two calls with Ms. Sapp in the month of May in which Ms. Sapp "hung up" on her after her counsel reported on the status of settlement discussions. (ECF 53-1.) ". . . [A]nd I was unable to speak to Ms. Sapp again after that, as her phone went to voicemail when I subsequently would call. I left several message[s] for two weeks, and then her phone disconnected again and I no longer have any working number or email for Ms. Sapp." (Id.) Not unreasonably, counsel took the position that continued representation was "impracticable and risks prejudice to her legal claims" and also was not ethically permissible. (Id.) Counsel's motion was well supported factually and by the New York Rules of Professional Conduct: "[Ms. Sapp] has refused to communicate, hung up during critical conversations, failed to appear for her deposition, and cannot be located despite my best efforts. I am unable to carry out my duties under RPC 1.2, 1.3, and 1.4 without ongoing, reciprocal communication from Plaintiff." (Id.) Counsel represented that she would serve the motion by certified mail to Ms. Sapp's last known address. (Id.)

Defendants sought to dismiss the action under Rule 41(b) for failure to prosecute and under Rule 37 as a sanction for failure to appear for a deposition. (ECF 54 & 56.)

In an Order of July 2, 2025, the Court granted counsel's motion to withdraw and advised Ms. Sapp as follows:

3

> **PLAINTFF JUANDISHA SAPP IS ADVISED TO CONSIDER RETAINING COUNSEL OR CONSULTING WITH AN ORGANIZATIONS THAT OFFERS REPRESENTATION FREE OF CHARGE TO INDIVIDUALS WITHOUT A LAWYER. HOWEVER, SHE IS ALSO PERMITTED TO PROCEED WITHOUT AN ATTORNEY.**
>
> **IF SHE WISHES TO PROCEED WITH THIS ACTION, THEN BY AUGUST 4, 2025, SHE MUST EITHER:**
>
> **(A)     WRITE TO THE COURT (HON. P. KEVIN CASTEL, U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK NY 10007) SETTING FORTH HER ADDRESS WHICH IS THE LOCATION WHERE ALL FUTURE COMMUNICATIONS WILL BE SENT AND EXPLAINING WHY THE COURT OUGHT NOT DISMISS THE ACTION AS REQUESTED BY THE DEFENDANTS (SEE LETTER OF JUNE 24, 2025 (ECF 54)); OR**
>
> **(B)     HAVE AN ATTORNEY ADMITTED TO PRACTICE IN THIS COURT FILE A NOTICE OF APPEARANCE AND THAT ATTORNEY SHALL ALSO RESPOND TO DEFENDANTS' JUNE 24, 2025 REQUEST FOR DISMISSAL (ECF 54).**
>
> **IF PLAINTIFF FAILS TO FULLY COMPLY WITH EITHER OF THE FOREGOING, THE COURT WILL DISMISS HER ACTION. THE CASE WILL BE OVER AND SHE WILL RECOVER NOTHING.**

(ECF 58; emphasis in the original.)[1]

On September 24, 2025, counsel for defendants wrote to this Court requesting that the Court act on its June 24, 2025 motion to dismiss for failure to prosecute. (ECF 60.) A copy of the letter was sent to Ms. Sapp's last known address. (Id.) There has been no response to the June 24 letter motion or to the September 24,

---

[1] The Court also ordered the outgoing attorney to "serve this Order, together with an additional copy of the Attorney's motion (ECF 53) and the defendants' letter of June 24, 2025 (ECF 54) on the Plaintiff at her last known address and file an affidavit of service within seven (7) days." (ECF 58.) The affidavit of service was duly filed. (ECF 59.)

4

2025 letter. Three months have now elapsed from the Court's Order of July 2, 2025 with no word from Ms. Sapp.

Dismissal for failure to prosecute under Rule 41, Fed. R. Civ. P, is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Where the failure to prosecute is by a pro se litigant, "district courts should be especially hesitant to dismiss for procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).[2] The Court considers each of the factors in turn:

(1) <u>Plaintiff's Failure to Prosecute Has Caused a Delay of Significant Duration</u>. The failure of Ms. Sapp to appear for a deposition or to commit to a future date for a deposition has stymied the progress of this action. The agreed-upon Scheduling Order contemplated the completion of fact discovery by January 10, 2025. (ECF 35.) Upon application, the Court extended the date to February 24, 2025. (ECF 39.) As the ability of plaintiff's counsel to produce Ms. Sapp grew more problematic, the Court extended the discovery period to June 6,

---

[2] Ms. Sapp is entitled to "special solicitude" for the period she has been unrepresented, i.e., since the Court's July 2, 2025 Order. Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010).

2025, with the deadline for Ms. Sapp to appear for deposition set at May 2, 2025. (ECF 46.) She was not produced for a deposition by May 2, 2025, and the Court extended the date for the deposition to June 20, 2025. (ECF 52.) Ms. Sapp also did not comply with the July 2, 2025 Order by the August 4, 2025 deadline (ECF 58) and has not done so since. This is a significant delay in the progress of this action commenced by Ms. Sapp on January 29, 2024.

(2) <u>Plaintiff was Given Notice that Further Delay Would Result in Dismissal</u>. In granting defendants' Rule 37 motion to compel Ms. Sapp's deposition, the Court warned in a February 27, 2025 Order that "[f]ailure to appear for a deposition by May 2, 2025, will result in the sanction of dismissal of the action for failure to prosecute and failure to comply with this Order." (ECF 46.) In the July 2 Order, the Court warned that "**IF PLAINTIFF FAILS TO FULLY COMPLY WITH EITHER OF THE FOREGOING, THE COURT WILL DISMISS HER ACTION. THE CASE WILL BE OVER AND SHE WILL RECOVER NOTHING.**" (ECF 58; emphasis in the original.)

(3) <u>Defendants are Likely to be Prejudiced by Further Delay</u>. Ms. Sapp's Complaint names as defendants six officers or employees of the New York City Police Department ("NYPD"). It also names three employees of the New York City (the "City") Administration for Children's Services, one officer employed the City's Emergency Medical Services, St. Barnabas Hospital and the City. Because it is a claim brought under section 1983, each of the ten City employees are sued in their individual capacities. The Complaint engages in group pleading: "[t]he level of force employed by Defendants against Plaintiff was objectively unreasonable and violated Plaintiff'[s] constitutional rights." (ECF 1 at ¶162.) <u>See also id.</u> at ¶199 ("Defendants conspired with each other for the purpose of impeding, hindering,

6

obstructing, or defeating, in any manner, the due course of justice.") It seeks punitive damages on the state law claims.

The delay prejudices the ten individual defendants because it leaves these allegations hanging over their heads without the ability to clear their names. Only a callous or depraved individual would be indifferent to allegations of this nature. Also, an honest individual likely would be required to list this action on a bank loan application, regardless of the prospect of indemnification. Moreover, a further dimming of recollection of the events alleged in the Complaint on the part of plaintiff would also prejudice the defendants. Finally, in cases like this "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice." Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases).

(4) The Need to Alleviate Court Calendar Congestion and Plaintiff's Right to an Opportunity for a Day in Court. Ms. Sapp is entitled to an opportunity for a day in Court and her counsel has worked hard to provide it. The Court has endeavored to accommodate her unique needs. The Court has no "court calendar congestion" to "balance" against her right to a day in court but the needs of Ms. Sapp certainly have caused the Court to take time away from other litigants' rightful claim on the Court's attention.

(5) Lesser Sanctions Would Not Be Efficacious. Ms. Sapp has been warned that her claim would be dismissed if she did not comply with Court orders. There is no reason to believe that she would be brought into compliance based upon the possibility of imposition of monetary or evidentiary sanctions. The Court has considered whether dismissal without prejudice would be an appropriate sanction. Judge Karas sua sponte dismissed an action without prejudice for failure to prosecute in a circumstance where the plaintiff had failed to serve process. Davila v. United States Dep't of Veteran Affairs, 23-cv-3666 (KMK), 2023 WL

7

8031343, at *1 (S.D.N.Y. Nov. 20, 2023) (citing Waters v. Camacho, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013).) Dismissal without prejudice of this action is not appropriate because of its advanced stage. Document production is complete and multiple depositions of the individual defendants have been taken.

The Court dismisses with prejudice the claim of plaintiff for failure to prosecute and for failure to appear for her deposition as ordered. As an ameliorative measure, the Court orders that the defendants and their counsel continue to preserve all documents relating to this action, including all documents and transcripts, for fourteen months from the date of this Order. Ms. Sapp has the right to move for relief from this dismissal Order within one year of its issuance on the grounds of "mistake, inadvertence, surprise or excusable neglect." Rule 60(b)(1) & (6), Fed. R. Civ. P. Defendants shall mail a copy of this Order to Ms. Sapp at her last known address and file an affidavit of service within five days.

The Clerk is requested to terminate the letter motion at ECF 60.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 14, 2025